IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY YACKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-04-838 |
| | : | |
| JOHN NASH, | : | (Judge Jones) |
| | : | |
| Respondent. | : | |

**ORDER**

May 25, 2005

**Background**

Stanley Yacker ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus (Rec. Doc. 1) pursuant to 28 U.S.C § 2241 while confined at Schuylkill Federal Prison Camp, Minersville, Pennsylvania ("FPC-Schuylkill"). Named as Respondent is FPC-Schuylkill Warden John Nash. Service of the petition was previously ordered.

Yacker was convicted of wire fraud and conspiracy to commit wire fraud in the United States District Court for the District of New Jersey. He was sentenced to an eighteen (18) month term of incarceration on June 16, 2003. Yacker's present petition seeks habeas corpus relief with respect to the Bureau of Prisons ("BOP") December 2002 change in policy regarding eligibility for placement in a Community Corrections Center ("CCC").

Specifically, Yacker states that he filed an administrative request seeking permission to serve the last six (6) months of his sentence in a CCC.  By response dated March 23, 2004, Petitioner was informed that the earliest date he could be transferred to a CCC was October 5, 2004.  See Doc. No. 1, Exhibit A.  His Petition claims that the decision regarding his CCC placement date was improper because it was based solely upon the BOP's unlawful December 13, 2002 policy change regarding CCC eligibility.  As relief, Yacker requested that the Respondent be directed to provide him with good faith consideration of his request for CCC placement.

Respondent sought dismissal of the Petition on the grounds that Yacker had failed to exhaust his available administrative remedies; the BOP had recently considered the Petitioner for CCC placement in accordance with pre-December 2002 BOP policy; and the BOP's policy regarding CCC placement did not violate the Ex Post Facto Clause.

**DISCUSSION**

Based on our review of 18 U.S.C. § 3624(c), a federal inmate is not entitled to CCC placement for any set period of time.  See Serafini v. Dodrill, Civil No. 3:CV-04-311, slip op. at 3 (M.D. Pa. Feb. 23, 2004)(Vanaskie, C.J.).  However, a federal prisoner such as Yacker is entitled to have the BOP consider his eligibility for CCC placement in accordance under the BOP's pre-December 2002 policies.  See Fagiolo

v.Smith, Civil No. 3:04-148, slip op. at 8-9  (M.D.Pa.  March 13, 2004)(Conaboy, J.).

The case or controversy requirement of Article III section 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a 'personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  Lewis, 494 U.S. at 477.

Following the initiation of this action, the BOP provided Petitioner with a "Special Team Meeting" on May 10, 2004.  Doc.  no. 10, p. 6.  The sole purpose of the meeting was to consider Yacker for CCC placement under the BOP's pre-December, 2002 policies and practices.  See id.  After considering a number of factors including the relatively short length of his sentence and the need for transitional services, it was recommended that Petitioner be placed in a CCC for a period of 48 days prior to his scheduled release.

Under the principles set forth in Spencer and Johnson, the BOP's reconsideration of Yacker's eligibility for CCC placement in accordance with their pre-December, 2002 practices and policies has caused his instant petition to become

moot since it no longer presents an existing case or controversy.[1]  Consequently,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    The Petition for Writ of Habeas Corpus (Rec. Doc. 1) is DISMISSED as moot.

    2.    The Clerk of Court is directed to CLOSE the case.

    3.    Based on the Court's decision herein, there is no basis for the issuance of a certificate of appealability.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge

---

[1] The record further indicates that a finding of mootness is equally appropriate because Petitioner has now completed service of his federal sentence.